**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In re: | |
| JENNIFER A. BAZZARELLI, | Case No. 08-11212-RGM (Chapter 7) |
| Debtors. | |

### MEMORANDUM OPINION

THIS CASE is before the court on the proposed amended reaffirmation agreement by and between the debtor and Wells Fargo Bank, N.A., Wells Fargo Auto Finance (Docket Entry 23). The debtor is represented by counsel. Although counsel for the debtor signed Part C, "Certification by Debtor's Attorney (If Any)," he did not check either box on Part C. Although signed by the debtor, Part D, "Debtor's Statement in Support of Reaffirmation Agreement" is not completed. As a result, the court cannot determine whether a presumption of undue hardship arises, the trigger for counsel's opinion on the debtor's ability to pay. At least the first box should have been checked; and, possibly, the second.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. Section 524(c)(2) requires that the debtor receive the disclosures described in §524(k) before or at the time he signs the reaffirmation agreement. Section 524(k)(1) requires a reaffirmation agreement to contain Part C, "Certification by Debtor's Attorney." 11 U.S.C. §524(k)(5). Part C actually contains two matters, a certification and an opinion. The certification under 11 U.S.C. §524(k)(5)(A) is applicable in all cases. In this case, there is a box in front of the first paragraph. Counsel must check this box as well as sign Part C in order to make the required certification. Here, he signed Part C but did not check the box.

1

The opinion under 11 U.S.C. §524(k)(5)(B) is applicable only if a presumption of undue hardship arises. The presumption of undue hardship arises as provided in §524(m)(1) which states:

> [I]t shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

11 U.S.C. §524(m)(1). Section 524(k)(6)(A) requires completion of Part D. Because the debtor did not complete Part D, the court cannot determine whether there is a presumption of undue hardship and, thus, whether counsel should have given his opinion that notwithstanding an undue hardship, the debtor is able to make the required payments.

Since §524(k)(5)(B) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

Alexandria, Virginia
June 23, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:
Justin M. Reiner

Copy mailed to:
Carla Simonson, Collections Specialist
Wells Fargo Bank, N.A., Wells Fargo Auto Finance
13675 Technology Drive, Building C, 2nd Floor
Eden Prairie, Minnesota 55344-2252

14379